UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
GLOBAL AUTO, INC., *et al.*,

                      Plaintiffs,

      -against-

MICHAEL HITRINOV, a/k/a MICHAEL
KHITRINOV, *et al.*,

                      Defendants.
--------------------------------------------------------x
EMPIRE UNITED LINES CO., INC., *et al.*,

                      Plaintiffs,

      -against-

SK IMPORTS, INC., *et al.*,

                      Defendants.
--------------------------------------------------------x

**MEMORANDUM AND ORDER**

13-CV-2479 (SLT)(RER)

14-CV-2566 (SLT)(RER)

**TOWNES, United States District Judge:**

These two actions principally involve disputes between corporations engaged in selling

American automobiles to European consumers and Empire United Lines, Co., Inc., a non-vessel

operating common carrier which was involved in transporting those automobiles from New

Jersey to Finland. The consumers unsuccessfully attempted to intervene in the first above-

captioned action—*Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479 (SLT)(RER) ("*Global

Auto*")—then commenced a lawsuit against the parties in both of the above-captioned actions in

the United States District Court for the District of New Jersey: *Akishev v. Kapustin*, N.J. Docket

No. 13-cv-7152-NHL-AMD ("*Akishev*"). After filing cross-claims in *Akishev* against Empire

United Lines and its principal, Michael Hitrinov (collectively, "EUL"), which raised the same

claims as the First Amended Complaint in *Global Auto*, the attorneys representing the

corporations and their principals withdrew as counsel in all three actions. Those corporations

and their principals have been unable to find counsel to represent them in this Court, although

they have reportedly succeeded in retaining counsel in *Akishev*.

Citing to cases which hold that a corporation cannot proceed pro se, EUL now moves to

dismiss the plaintiffs' claims in *Global Auto* pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. EUL also moves to enjoin those same plaintiffs from proceeding with the cross-

claims in *Akishev* and requests that the Clerk of Court enter a default on its counterclaims in

*Global Auto* and its claims against SK Imports, Inc., the only corporation named as a defendant

in *Empire United Lines Co., Inc. v. SK Imports, Inc.*, No. 14-CV-2566 (SLT)(RER) (*"Empire*

*United"*). In response, Sergey Kapustin, one of the principals of the unrepresented corporations,

has filed a "letter-motion" requesting that *Global Auto* be transferred to the District of New

Jersey. For the reasons set forth below, the plaintiffs' claims in *Global Auto* are dismissed

without prejudice, the Clerk of Court is directed to enter the defaults as requested by EUL, and

EUL's motion for injunctive relief is denied. The Court declines to consider Kapustin's "letter-

motion" because he, as a layperson, cannot and does not represent the plaintiffs in *Global Auto*.

## BACKGROUND

In April 2013, plaintiffs Global Auto, Inc.; G Auto Sales, Inc.; and Effect Auto Sales,

Inc. (collectively, "Plaintiffs")—all of which are New Jersey corporations allegedly engaged in

internet sales of automobiles to Europeans—commenced this action against EUL, principally

alleging that EUL breached a maritime contract and violated the Racketeering Influenced and

Corrupt Organizations Act ("RICO") by converting cars which EUL was shipping to Europe on

Plaintiffs' behalf.[1]  In papers originally filed on June 28, 2013, and amended on July 17, 2013,

---

[1]Plaintiffs also sued Mediterranean Shipping Company (USA), Inc., the vessel operating
common carrier used by EUL to ship the cars. The claims against this defendant were dismissed
in late January 2014.

eleven of Plaintiffs' dissatisfied customers moved to intervene in *Global Auto* pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure. In a memorandum and order dated November 5, 2013, the Court denied that application noting, *inter alia*, that *Global Auto* primarily related to a maritime dispute between Plaintiffs and EUL, while the customers' causes of action related primarily to Plaintiffs' dealings with the customers themselves. On November 25, 2013—about two weeks after receiving the memorandum and order denying the motion to intervene—the eleven customers, along with three others (collectively, the "NJ Plaintiffs"), commenced an action against Plaintiffs and others in the United States District Court for the District of New Jersey, alleging 16 counts, including violations of RICO and other federal statutes. To the extent that it is relevant to the motions pending before the Court, the procedural history of this New Jersey action, *Akishev*, is discussed below. *See* pp. 4-6, *post*.

In early February 2014, Plaintiffs filed a First Amended Complaint in *Global Auto* which named Carcont Oy, Ltd. ("CarCont"), a Finnish business entity allegedly controlled by Hitrinov, as an additional defendant. On February 28, 2014, EUL filed an answer to the First Amended Complaint, which included counterclaims against Plaintiffs. The docket sheet in *Global Auto* does not reflect that CarCont has been served or has appeared in that action.

In mid-May 2014, EUL commenced *Empire United* against four defendants: SK Imports, Inc. d/b/a Global Cars, a Pennsylvania corporation, and the corporation's principals—Sergey Kapustin; Kapustin's wife, Irina Kapustina; and Kapustina's son, Michael Goloverya—all of whom allegedly reside in Warminster, Pennsylvania. In a letter to the Court dated May 14, 2014, counsel for EUL represented that *Empire United* was related to *Global Auto* because, among other things, Kapustin, Kapustina and Goloverya were also principals of Plaintiffs.

Accordingly, *Empire United* was reassigned from Judge Matsumoto to the undersigned on May 15, 2014, and the two cases were consolidated for purposes of discovery.

In a letter-motion filed on June 9, 2014, in *Global Auto*, EUL moved to compel Plaintiffs to respond to certain discovery requests. On June 29, 2014, after conferences in which the parties narrowed their discovery disputes, Magistrate Judge Reyes entered an order which directed Plaintiffs to respond to certain document requests and directed EUL to produce certain other documents. Judge Reyes's order did not provide deadlines for the production of these documents, and neither Plaintiffs nor EUL ever contacted Judge Reyes to complain about their adversaries' failure to comply with this order.

### The New Jersey Action

As originally filed, *Akishev* named 15 defendants (not including Does), including Plaintiffs, Global Cars, Inc., and SK Imports, Inc. (collectively, the "Global Corporations"); EUL and CarCont (collectively, the "EUL Defendants"); and Kapustin, Kapustina and Goloverya (collectively, the "Global Principals"). Although the NJ Plaintiffs allege that they served the EUL Defendants with process on May 20, 2014, *see* Letter to Magistrate Judge Ann Marie Donio from Anna V. Brown, Esq., dated June 12, 2014 (N.J. Docket No. 46), p. 1, none of these three defendants have answered or otherwise responded to the pleadings and no attorney has yet appeared on their behalf. Nonetheless, according to a letter from counsel for the NJ Plaintiffs, an attorney representing the EUL Defendants has recently requested judicial assistance "in the resolution of the dispute concerning the enforcement and interpretation of the settlement agreement" between his clients and the NJ Plaintiffs. *See* Letter to Hon. Noel L. Hillman from Maria Temkin, Esq., dated July 27, 2015 (N.J. Docket No. 247), p. 1. There is nothing on the

4

docket sheet in *Akishev* to suggest that any of the EUL Defendants have been dismissed from that action.

On October 7, 2014, the Global Corporations and the Global Principals (collectively, the "Global Defendants"), filed an Amended Answer in *Akishev* which incorporated cross-claims by Plaintiffs against the EUL Defendants. Although the allegations in the cross-claims differ slightly from the allegations contained in the First Amended Complaint in *Global Auto*, the cross-claims and the First Amended Complaint both contain essentially the same nine causes of action.[2] In addition, the cross-claims request the same remedies set forth in the First Amended Complaint, including compensatory and punitive damages and replevin of 16 vehicles held by the EUL Defendants in an Elizabeth, New Jersey, warehouse.

On October 27, 2014, the NJ Plaintiffs moved for sanctions against the Global Defendants and their counsel, alleging, *inter alia*, that the Global Defendants were dissipating their assets despite their assurances that they would not do so (*see* N.J. Docket No. 103). In mid-February 2015, the NJ Plaintiffs filed another motion for sanctions against the Global Defendants and their counsel, alleging "willful refusal to comply with the Court's Orders and deliberate failure to comply with their discovery obligations[;] ... fraudulent representations to the Court in pleadings and communications signed by counsel and a sworn declaration signed by ... Kapustin; and oral misrepresentations to the Court ...." Notice of Motion for Sanctions (N.J. Docket No. 169), p. 1. In a memorandum of law in support of that motion, the NJ Plaintiffs requested, *inter alia*, that defaults be entered against the Global Defendants. Memorandum of Law in Support of the Motion for Sanctions (N.J. Docket No. 169-42), p. 36. That motion

---

[2]The causes of action differ in that some of the state-law cross-claims are brought pursuant to New Jersey, rather than New York, law.

remains pending. However, Judge Hillman—the district judge presiding over *Akishev*—has entered a temporary restraining order which enjoins the Global Defendants from withdrawing money from any bank accounts and freezes the assets currently in those accounts. *See* Temporary Restraining Order dated June 18, 2015 (N.J. Docket No. 217), pp. 3-4.

### *The Global Defendants' Counsel's Motions to be Relieved*

On October 21, 2014, James S. Dobis and Boris Parker—the attorneys representing the Global Defendants—moved for permission to withdraw as counsel in *Akishev*. *See* Motion on Behalf of James S. Dobis and Boris Parker to be Releived as Counsel (N.J. Docket No. 96). Although that application was initially denied without prejudice, *see* Minute Entry for Proceeding before Judge Hillman on October 22, 2014 (N.J. Docket No. 97), it was subsequently granted in an order dated May 4, 2015 (N.J. Docket No. 196). Although Parker also represented Plaintiffs in *Global Auto*, Parker did not move to withdraw as counsel in this Court until February 2015, more than one month after EUL's counsel wrote a letter to Judge Hillman noting that Parker had not moved to be relieved in this action. *See* Letter to Hon. Noel L. Hillman from Jon Werner dated December 29, 2014 (N.J. Docket No. 144).

In February 2015, Parker and the other attorneys who had been representing the Global Defendants in this Court—Marcus Nussbaum, and Harlan Greenberg— requested permission to withdraw as counsel in *Global Auto* and *Empire United*. Parker's application, which stated that Nussbaum remained on the case, was promptly granted by Judge Reyes. *See* Order dated February 13, 2015. On the same day Judge Reyes issued his order, however, Nussbaum and Greenberg moved to withdraw as well. EUL did not oppose that motion, although EUL's counsel wrote a lengthy letter dated March 2, 2015, which discussed developments in *Akishev* and speculated that Nussbaum and Greenberg were attempting to avoid sanctions. Letter to

Hon. Ramon E. Reyes, Jr., from Jon Werner dated Mar. 2, 2015. In a telephone conference on March 5, 2015, Judge Reyes granted Nussbaum and Greenberg's motion, leaving the Global Defendants—including Plaintiffs and the other Global Corporations—unrepresented.

Judge Reyes gave the Global Defendants ample opportunity to obtain legal representation, extending Plaintiffs' time to retain counsel on at least two occasions. First, in an order dated April 17, 2015, Judge Reyes extended the time to obtain counsel by an additional two weeks. Although that order stated that there would be "[n]o further extensions" of the deadline, Kapustin requested another extension of time on April 30, 2015, representing that he had located an attorney willing to appear on the Global Defendants' behalf. In an order dated May 27, 2015, Judge Reyes extended the deadline to June 3, 2015. However, Judge Reyes again stated that there would be no further extensions and warned that, if new counsel had not filed a notice of appearance by June 3, 2015, Plaintiffs would be in default.

### The Instant Motions

When no attorney appeared on Plaintiffs' behalf, EUL moved for involuntary dismissal of *Global Auto* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. In a motion filed June 10, 2015, EUL argues that this action should be dismissed with prejudice for failure to prosecute; for failure to comply with Judge Reyes' orders of April 17, 2015, and May 27, 2015, which directed Plaintiffs to retain counsel; and for failure to comply with Judge Reyes' July 29, 2014, order directing Plaintiffs to provide certain discovery. Along with this motion, the EUL Defendants filed a Request for a Certificate of Default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, asking the Clerk of Court to enter a default against Plaintiffs in *Global Auto* and against SK Imports in *Empire United*.

Because the Global Defendants continue to be unrepresented, they have not opposed the Rule 41(b) motion or the entry of the Certificate of Default. However, both Kapustin and the NJ Plaintiffs have voiced their opposition. In a letter dated July 16, 2015, Kapustin states that he has "found an attorney ... who showed interest" in representing the Global Defendants for "very modest fees" in *Akishev*, claims that he has "funds to hire representation for [the] New Jersey case only," and requests that *Global Auto* be transferred to the District of New Jersey. Letter to Hon. Sandra L. Townes from Sergey Kapustin, dated July 16, 2015, p. 1. Similarly, at a July 29, 2015, conference on an unrelated motion for injunctive relief, an attorney for some of the NJ Plaintiffs requested that the Court either transfer *Global Auto* to the District of New Jersey or dismiss the Plaintiffs' claims without prejudice.

On July 31, 2015, EUL moved this Court to enjoin Plaintiffs from pursuing the cross-claims they filed against the EUL Defendants in *Akishev*. EUL argues that those cross-claims and Plaintiffs' claims in *Global Auto* both "arise out of the same dispute concerning the business dealings between the EUL [D]efendants and [P]laintiffs," and that *Global Auto* is the first-filed case. Memorandum of Law in Support of Motion to Enjoin Plaintiffs from Proceeding Forward with Second-Filed Claims, p. 8. EUL further argues that the "first-filed rule" dictates that Plaintiffs' claims be litigated in this forum; that none of the exceptions to the first-filed rule apply; and that this Court should enforce the first-filed rule by enjoining Plaintiffs from proceeding with their cross-claims in *Akishev*.

## DISCUSSION

The Court first turns to EUL's motion to dismiss Plaintiffs' claims in *Global Auto* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with ... a court order, a

defendant may move to dismiss the action or any claim against it." The Second Circuit has

identified "five principal factors" to consider in determining the propriety of dismissal under

Rule 41(b): "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2)

plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to

be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully

balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court

adequately assessed the efficacy of lesser sanctions." *United States ex rel. Drake v. Norden*

*Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)).

EUL's Rule 41(b) motion principally alleges that Plaintiffs failed to prosecute *Global*

*Auto* by failing to retain counsel.[3] Although 28 U.S.C. § 1654 provides that parties in federal

actions "may plead and conduct their own cases personally or by counsel," this statute only

"recognizes that an individual generally has the right to proceed *pro se* with respect to his own

claims or claims against him personally." *Berrios v. N.Y. City Housing Auth.*, 564 F.3d 130,

132 (2d Cir. 2009). "The statute does not permit 'unlicensed laymen to represent anyone else

other than themselves.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting

---

[3]The motion also appears to seek dismissal as a sanction for Plaintiffs' failure to comply
with one of Judge Reyes' discovery orders. To be sure, a district court has discretion to dismiss
an action for failure to comply with discovery orders. *See, e.g., Valentine v. Museum of Modern
Art*, 29 F.3d 47, 49-50 (2d Cir. 1994); *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764
(2d Cir. 1990). "However, dismissal with prejudice is a harsh remedy to be used only in
extreme situations ..., and then only when a court finds willfulness, bad faith, or any fault on the
part of the prospective deponent." *Bobal*, 916 F.2d at 764 (internal quotations and citation
omitted). Even assuming that Plaintiffs violated Judge Reyes' discovery order and that EUL
could establish that the violation was willful or in bad faith, dismissal would be far too harsh a
sanction for this violation. EUL could have either moved to compel the production of these
document or moved for one of the lesser sanctions available under Fed. R. Civ. P. 37.

*Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "Accordingly, a

layperson may not represent a separate legal entity such as a corporation." *Id.*

District courts in this Circuit have exercised their discretion to dismiss an action for

failure to prosecute where a corporate plaintiff fails to obtain counsel after being directed to do

so and being warned of the consequences of inaction. For example, in *United States ex rel.*

*Reliable Constr. PM, Inc. v. Land Frog, Inc.*, No. 13-CV-7351 (ARR)(CLP), 2015 WL 740034

(E.D.N.Y. Feb. 20, 2015), Judge Ross adopted a report and recommendation and dismissed a

case for failure to prosecute where the corporate plaintiff failed to obtain counsel for six months

after being directed to do so and warned that the case would be dismissed if the corporation

failed to obtain counsel. Similarly, in *Negrin v. Kalina*, No. 09 Civ. 6234 (LGS), 2013 WL

5925916 (S.D.N.Y. Nov. 5, 2013), Judge Schofield adopted a report and recommendation which

recommended dismissing an action brought by a corporation and a limited liability company

after the plaintiffs failed to obtain counsel. In his report and recommendation in that case,

Magistrate Judge Fox noted that the plaintiffs had been directed to engage counsel in an order

dated May 9, 2013, which warned that failure to do so on or before May 27, 2013, could result

in dismissal of the action. *Negrin v. Kalina*, No. 09 Civ. 6234 LGS, 2013 WL 5630681, at *2

(S.D.N.Y. Oct. 15, 2013). Nothwithstanding this warning, the plaintiffs indicated to the Court

their intention not to engage counsel by stating that "retaining counsel ... is very expensive." *Id.*

In this case, Plaintiff's counsel were granted leave to withdraw on or before March 5,

2015. Judge Reyes twice extended Plaintiffs' time to obtain new counsel but warned, in an

order dated May 27, 2015, that Plaintiffs would "be in default" if new counsel for Plaintiffs had

not filed a notice of appearance by June 3, 2015. Plaintiffs have failed to obtain counsel and

their principal, Kapustin, has implied that they will be unable to do so. Specifically, in a letter

dated July 16, 2015, Kapustin states that he has found an attorney willing to represent the Global

Defendants, including Plaintiffs, in *Akishev*, but cannot afford an attorney to represent Plaintiffs

in this case as well. Since the Global Defendants' bank accounts have been frozen in *Akishev*,

there appears to be no prospect of Plaintiffs obtaining counsel anytime in the near future.

Although less than six months have elapsed since Plaintiffs' counsel withdrew,

Kapustin's letter makes it clear that a delay of significant duration would be inevitable if this

action were to continue. Plaintiffs were on notice that failure to obtain counsel by June 3, 2015,

could result in dismissal, and will not be significantly prejudiced by dismissal since their cross-

claims against the EUL Defendants in *Akishev* raise similar issues. Conversely, the Court and

EUL will be needlessly burdened if this action is permitted to languish on the docket. Given

these circumstances, dismissal is the most appropriate course of action.

A question remains, however, regarding whether the dismissal should be with or without

prejudice. Rule 41(b) states that "[u]nless the dismissal order states otherwise, a dismissal under

this subdivision (b) ... operates as an adjudication on the merits." This language implies that

dismissal under Rule 41(b) "may be without prejudice if so specified by the court imposing it."

*Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).

Courts in this Circuit have dismissed cases without prejudice where dismissal with

prejudice "could potentially prejudice a properly represented party with standing in a subsequent

litigation." *Gabayzadeh v. Taylor*, No. 08-CV-3239 (JFB)(ETB), 2009 WL 2983013, at *4

(E.D.N.Y. Sept. 14, 2009). For example, the Second Circuit has repeatedly held that while

claims brought by unrepresented laypersons on behalf of incompetent persons or children must

be dismissed unless the layperson obtains counsel, the dismissal should be without prejudice.

*See Berrios*, 564 F.3d at 135; *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59,

62 (2d Cir. 1990). Relying on *Berrios*, the district court in *Gabayzadeh* dismissed without prejudice a case in which an unrepresented layperson attempted to bring claims on behalf of a trust despite her lack of standing. *Gabayzadeh*, 2009 WL 2983013, at *4-5.

To the extent that Plaintiff's claims against the EUL Defendants are meritorious, Plaintiff's creditors may wish to pursue those claims in the event they obtain judgment against Plaintiffs. For that reason, counsel for some of the NJ Plaintiffs have urged the Court to dismiss Plaintiffs' claims against the EUL Defendants without prejudice. Since dismissal with prejudice might impede the NJ Plaintiffs' ability to recover on a judgment against Plaintiffs, the Court will dismiss Plaintiffs' claims in this action without prejudice.

### EUL's Request for Certificates of Default

In light of the Global Corporations' failure to retain counsel, EUL requests that the Clerk of Court enter defaults pursuant to Fed. R. Civ. P. 55(a) with respect to EUL's counterclaims against Plaintiffs in *Global Auto* and EUL's claims against defendant SK Imports in the *Empire United*. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Since a corporation's failure to retain counsel results in a failure to "otherwise defend," it is appropriate to enter a default against a corporation which has failed to comply with a court order to retain counsel. *See Eagle Assocs.*, 926 F.2d at 1310; *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 336 (2d Cir. 1986).

As discussed above, the Global Corporations—including the Plaintiffs in *Global Auto* and defendant SK Imports in *Empire United*—have failed to retain counsel despite Judge Reyes' repeated orders that they do so. Accordingly, the Clerk of Court shall enter a default upon

12

EUL's counterclaims against all plaintiffs in *Global Auto* and on EUL's claims against defendant SK Imports, Inc., in *Empire United.*

### *EUL's motion for Injunctive Relief*

In another motion currently pending before the Court in *Global Auto*, EUL moves to enjoin Plaintiffs from pursuing their cross-claims against the EUL Defendants in *Akishev*. Those cross-claims contain essentially the same nine causes of action as the First Amended Complaint in *Global Auto*. Since the First Amended Complaint in *Global Auto* was filed on February 7, 2014—exactly eight months before Plaintiffs amended their answer to, among other things, add the cross-claims in *Akishev*—EUL argues that *Global Auto* is the first-filed action and that the "first-filed rule" dictates that Plaintiffs litigate the nine causes of action in this Court.

"The first-filed rule states that, in determining the proper venue, '[w]here there are two competing lawsuits, the first suit should have priority.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). This rule is not "an invariable mandate," but is "only a presumption that may be rebutted by proof of the desirability of proceeding in the forum of the second-filed action." *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotations and citations omitted). "[T]ransfer to the first-filed jurisdiction is ... inappropriate when 'the balance of convenience favors the second-filed action.'" *N.Y. Marine*, 599 F.3d at 112 (quoting *Employers Ins.*, 522 F.3d at 276).

"The factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Employers Ins.*, 522 F.3d at 275 (internal quotations and citation omitted). The factors include:

> (1) the plaintiff's choice of forum, (2) the convenience of
> witnesses, (3) the location of relevant documents and relative ease
> of access to sources of proof, (4) the convenience of the parties,
> (5) the locus of operative facts, (6) the availability of process to
> compel the attendance of unwilling witnesses, [and] (7) the
> relative means of the parties.

*Id.* (quoting *Gottdiener*, 462 F.3d at 106-07) (brackets in *Gottdiener*). While "[a] balance of these factors will identify the more appropriate forum," *id.,* "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Gottdiener*, 462 F.3d at 106 (citing *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)).

Since the Court is dismissing Plaintiffs' claims in *Global Auto*, it is unclear whether there are still "two competing lawsuits." To be sure, EUL's counterclaims in *Global Auto* and claims in *Empire United* both relate to the agreement which was the subject of the breach of contract claims in Plaintiffs' cross-claims in *Akishev*. However, in determining the EUL Defendants' motions for default judgments in *Global Auto* and *Empire United*, the Court will assume the factual allegations in the EUL Defendants' pleadings to be true, decide whether those facts establish liability and, if so, determine the amount of that liability. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). Accordingly, the inquiry should focus principally on the facts alleged in the EUL Defendants' pleadings, without regard to whether those facts are subsequently disproven in *Akishev*.

Even assuming that there are still "two competing lawsuits," the EUL Defendants have not established that the balance of convenience does not favor New Jersey. First, while Plaintiffs chose this forum when they filed the complaint in *Global Auto*, they subsequently filed

the claims set forth in the First Amended Complaint as cross-claims in *Akishev*. While the

agreement between Plaintiffs and Empire United Lines may have been negotiated and signed in

New York, performance of that contract appears to have taken place largely in the Elizabeth,

New Jersey, facilities in which the cars were stored and from which the cars were shipped. The

only potential witness in New York appears to be Hitrinov. The Global Corporations are mostly

located in New Jersey and the Global Principals live in Warminster, Pennsylvania—a

Philadelphia suburb located about 30 miles from the Camden, New Jersey, courthouse where

*Akishev* is being litigated. Moreover, as the EUL Defendants concede, there are no unwilling

witnesses.

Furthermore, all interested parties, including European customers, are already litigating

in the New Jersey action.[4] Although that action was filed later than *Global Auto*, it appears to

have progressed faster than the cases in this Court. Finally, Plaintiffs have been unable to find

counsel they can afford in New York, but have reportedly been able to find counsel in New

Jersey. All these factors suggest that it would be more convenient, more efficient, and fairer to

Plaintiffs and the other Global Corporations if all parties were to litigate all of their claims in

New Jersey.

### Kapustin's "Letter-Motion"

In his letter dated July 16, 2015, Kapustin requests that this Court transfer *Global Auto*

to the District of New Jersey. The Court cannot consider that request because Kapustin, as a

---

[4]Although the EUL Defendants have not appeared in *Akishev*, counsel for the NJ
Plaintiffs represents that these parties have not only been served, but have reached an agreement
to settle the claims against them. According to NJ Plaintiffs' counsel, an attorney representing
the EUL Defendants has requested judicial assistance "in the resolution of the dispute
concerning the enforcement and interpretation of the settlement agreement" between his clients
and the NJ Plaintiffs. *See* Letter to Hon. Noel L. Hillman from Maria Temkin, Esq., dated July
27, 2015 (N.J. Docket No. 247), p. 1.

layperson, does not, and cannot, represent the corporate Plaintiffs.  Moreover, for the reasons set

forth above, the Court currently anticipates that the EUL Defendants' motions for default

judgments will not raise issues of law or fact that will create conflicts with the New Jersey

action.  However, if conflicts do arise, the Court may *sua sponte* revisit the issue of whether to

transfer both *Global Auto* and *Empire United* to the District of New Jersey.

## *CONCLUSION*

For the reasons set forth above, the Plaintiffs' claims in *Global Auto* are dismissed

without prejudice pursuant to Fed. R. Civ. P. 41(b).  The Clerk of Court is directed to enter a

default upon EUL's counterclaims in *Global Auto* and upon the plaintiffs' claims against

defendant SK Imports, Inc., in *Empire United Lines*.  EUL's motion for an injunction precluding

the Plaintiffs in *Global Auto* from pursuing cross-claims in *Akishev* is denied.  The Clerk of

Court shall terminate Kapustin's letter-motion to change venue in *Global Auto* (docketed as

Document 104 in *Global Auto*) since Kapustin does not, and cannot, represent the corporate

plaintiffs in that case.

**SO ORDERED.**

/s/ Sandra L. Townes
SANDRA L. TOWNES
United States District Judge

Dated: September 27, 2015
Brooklyn, New York

16