UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
GLOBAL AUTO, INC., et al.,

                Plaintiffs,

    - against -

MICHAEL HITRINOV, et al.,

               Defendants.
---------------------------------------------------------x
EMPIRE UNITED LINES CO., INC., et al.,

                Plaintiffs,

    - against -

SK IMPORTS, INC., et al.,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
13-CV-2479 (PKC) (RER)

14-CV-2566 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

Before the Court is a motion for default judgment in these consolidated cases. On August 20, 2021, Ramon E. Reyes, Jr., U.S.M.J., recommended that this Court grant the motion in part, deny the motion in part, and award the moving parties $2,436,050. The non-moving parties filed no objections, and the moving parties objected solely to the extent that Magistrate Judge Reyes did not recommend an award of prejudgment interest. For the reasons explained below, the Court adopts Magistrate Judge Reyes's thorough and well-reasoned Report & Recommendation in full and awards the moving parties prejudgment interest.

**BACKGROUND**

These consolidated cases involve financing and storage agreements gone awry. Sergey Kapustin controlled several interrelated, now-defunct corporations—Global Auto, Inc. ("Global Auto"), G. Auto Sales, Inc. ("G. Auto"), Effect Auto Sales, Inc. ("Effect Auto"), and SK Imports,

1

Inc., d/b/a Global Cars ("SK Imports") (collectively, "Global")—all of which sold vehicles online to customers overseas. (Report & Recommendation ("R&R"), *Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479 (PKC) (RER), Dkt. 158, at 1–3.) Michael Hitrinov is, and was at all relevant times, the principal of Empire United Lines Co. ("Empire"), a global shipping business. (*Id.*)

In September 2010, Kapustin reached out to Hitrinov and Empire on behalf of Global and asked if Hitrinov and Empire wanted to invest in Kapustin and Global's car export business. (*Id.* at 3.) As part of the partnership, Hitrinov and Empire would store vehicles in their New Jersey warehouse and ship them to Europe. (*Id.*) Hitrinov and Empire invested over $400,000 and stored and shipped cars in accordance with the arrangement, but the parties' business relationship deteriorated. (*Id.*) Hitrinov and Empire demanded repayment and began charging a fee for storing the vehicles. (*Id.*) Kapustin and Global demanded that Hitrinov and Empire return the cars, but Hitrinov and Empire refused to do so without repayment, and then began selling the cars to satisfy the debt owed by Kapustin and Global. (*Id.* at 3–4.) Kapustin and Global retaliated by creating websites and sending emails to Empire's other clients attacking Hitrinov and Empire. (*Id.* at 4.)

On April 24, 2013, Global Auto, G. Auto, and Effect Auto sued Hitrinov and Empire for breach of a maritime shipping contract, tort claims, and civil violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (Complaint, *Global Auto*, No. 13-CV-2479, Dkt. 1.) Hitrinov and Empire filed counter-claims for, *inter alia*, breach of contract and libel. (Answer and Counterclaim, *Global Auto*, 13-CV-2479, Dkt. 51.) Hitrinov and Empire also filed a separate suit against SK Imports and Kapustin for, *inter alia*, breach of contract and libel. (Complaint, *Empire United Lines Co., et al. v. SK Imports, Inc. et al.*, No. 14-CV-2566 (PKC)

2

(RER), Dkt. 1.[1]) On May 19, 2014, Magistrate Judge Reyes consolidated the cases and designated *Global Auto* as the lead case. (5/19/2014 Docket Order, *Global Auto*, 13-CV-2479.)

On September 30, 2015, after counsel for Kapustin and Global withdrew and Global failed to retain new counsel, all of Global's claims against Hitrinov and Empire were dismissed with prejudice and a certificate of default was entered against all of the Global corporations in both cases.[2] (*See* Memorandum & Order, *Global Auto*, No. 13-CV-2479, Dkt. 109; Clerk's Entry of Default, *Global Auto*, No. 13-CV-2479, Dkt. 110; Clerk's Entry of Default, *Empire United*, No. 14-CV-2566, Dkt. 16.)

On January 29, 2020, Hitrinov and Empire moved for default judgment against Kapustin and Global on their breach of contract and libel claims in both cases, declining to seek damages on their other claims.[3] (*See* Counterclaimants / Plaintiffs Empire United Lines Co. Inc. and

---

[1] Hitrinov and Empire also sued Irina Kapustina and Michael Golovery, but all claims against Kapustina and Goloverya have been settled and dismissed with prejudice. (1/31/2020 Docket Order, *Empire United*, No. 14-CV-2566.)

[2] Kapustin continued to represent himself *pro se* and a certificate of default was never entered against him. However, Kapustin never brought any claims on his own behalf, so no claims against Hitrinov or Empire remain. Kapustin is not a named party in *Global Auto*, No. 13-CV-2479—the only case before this Court involving claims against Hitrinov and Empire—and he is named only as a defendant in *Empire United*, No. 14-CV-2566.

[3] Although no certificate of default was entered against Kapustin, Hitrinov and Empire clearly moved for default judgment against Kapustin, and Kapustin filed no opposition. (*See* Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134, at 1.) An opposition was filed by parties from a related case in the United States District Court for the District of New Jersey, who sought to intervene in this action, but that request was denied. (*See* Memorandum & Order, *Global Auto*, No. 13-CV-2479, Dkt. 157.) In addition, although Magistrate Judge Reyes did not note that a certificate of default had not been entered against Kapustin, Judge Reyes clearly recommended granting default judgment against Kapustin, and Kapustin filed no objection. (*See* R&R, *Global Auto*, No. 13-CV-2479, Dkt. 158, at 2 (defining the "Global Parties" to include Kapustin and recommending default judgment against the "Global Parties").)

"Although an application for entry of default should be made before a motion for entry of default judgment, courts will generally excuse a failure to obtain entry of default before the motion for default judgment is made." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp.

Michael Hitrinov's Memorandum of Law in Support of Their Motion for the Entry of a Default Judgment and Assessment of Damages Pursuant to Rule Fed. R. Civ. P. 55 ("Default Mot."), *Global Auto*, No. 13-CV-2479, Dkt. 134.)  Hitrinov and Empire requested that Kapustin and all of the Global corporations be held jointly and severally liable for any judgment.  (*Id.* at 17.[4])  They also sought prejudgment interest, but only on their breach of contract claims (*id.* at 9–10, 12); they did not request prejudgment interest on their libel claim (*id.* at 16).

On August 20, 2021, Magistrate Judge Reyes recommended (1) denying default judgment on all of Hitrinov's and Empire's breach of contract claims and dismissing those claims; and (2) granting Hitrinov's and Empire's libel claim and awarding them $2,436,050 on that claim.  (R&R, *Global Auto*, No. 13-CV-2479, Dkt. 158, at 25.)  The $2,436,050 accounts for Hitrinov and Empire losing, as a result of Kapustin's and Global's libel, the business of two companies in 2015 that would have otherwise worked with Hitrinov and Empire in 2015, 2016, 2017, and 2018.  (*Id.* at 19–22 & n.17.)  Magistrate Judge Reyes did not address whether prejudgment interest should be awarded for the libel claim.[5]

---

2d 177, 186 (E.D.N.Y. 2009) (collecting cases); *see also Hirsch v. Innovation Int'l, Inc.*, No. 91-CV-4130 (MJL), 1992 WL 316143, at *1 (S.D.N.Y. Oct. 19, 1992) ("Rigid adherence to [the rules requiring a certificate of default] must be balanced against the need for efficient administration of justice.  Thus[,] courts have excused the failure to obtain entry of default prior to an application for default judgment, and have instead included an order for entry of default with a decision on the merits of the application for default judgment." (collecting cases)).  Accordingly, there was no error in Judge Reyes recommending default judgment despite there being no certificate of default against Kapustin, and the Court now orders entry of default against Kapustin.

[4] This was also the juncture at which Hitrinov and Global notified the Court that the claims against Kapustina and Goloverya had settled.  (Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134, at 18.)

[5] Magistrate Judge Reyes also did not squarely address whether Kapustin and all of the Global corporations should be jointly and severally liable for the default judgment.  However, Hitrinov's and Empire's motion squarely requested that Kapustin and all of the Global corporations be jointly and severally liable for any default judgment, and Magistrate Judge Reyes recommended granting default judgment on the libel claim.  (Default Mot., *Global Auto*, No. 13-

Kapustin and Global filed no objections. The only objection that was filed was filed by Hitrinov and Empire, and they objected "only to the extent that [the R&R] failed to award [prejudgment] interest in accordance with N.Y. C.P.L.R. § 5002." (Counterclaimants / Plaintiffs Empire United Lines Co. Inc. and Michael Hitrinov's Objection to Magistrate Judge Ramon E. Reyes, Jr.'s August 21, 2021 Report and Recommendations ("Objection"), *Global Auto*, No. 13-CV-2479, Dkt. 161, at 2.)

## DISCUSSION

When considering a magistrate judge's report and recommendation on an issue that is dispositive of a party's claim or defense, as here, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). For those portions that have not been properly objected to, the district court may adopt them "as long as no clear error is apparent from the face of the record." *Xu v. City of New York*, No. 08-CV-11339 (AT) (RWL), 2021 WL 1222119, at *1 (S.D.N.Y. Mar. 31, 2021) (quoting *Oquendo v. Colvin*, No. 12-CV-4527 (RA) (RLE), 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014)).

The Court finds no clear error with respect to any of the portions of the Report & Recommendation to which no objections were filed. Specifically, the Court finds no clear error with Magistrate Judge Reyes's conclusions that (1) with respect to Hitrinov's and Empire's breach of contract claims, the motion for default judgment should be denied and those claims should be dismissed; and (2) with respect to Hitrinov's and Empire's libel claim, the motion for default

---

CV-2479, Dkt. 134, at 17–18; R&R, *Global Auto*, No. 13-CV-2479, Dkt. 158, at 25.) Accordingly, the Court finds that Magistrate Judge Reyes clearly recommended that Kapustin and all of the Global corporations be jointly and severally liable for the default judgment, and neither Kapustin nor Global filed any objections to that recommendation.

5

judgment should be granted against Kapustin and all of the Global corporations, and Hitrinov and Empire should be awarded $2,436,050.[6]

With respect to whether prejudgment interest should be awarded, the Court notes that Hitrinov and Empire did not request prejudgment interest on their libel claim before Magistrate Judge Reyes (Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134, at 16) and "in this district and circuit, it is well established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not," *Emerson Elec. Co. v. Holmes*, No. 16-CV-1390 (PKC) (SIL), 2020 WL 4592808, at *6 (E.D.N.Y. Aug. 11, 2020) (brackets omitted). However, in a diversity action such as this, New York law applies to a successful litigant's right to prejudgment interest, *Goodman v. Heublein, Inc.*, 682 F.2d 44, 46 (2d Cir. 1982); prejudgment interest for a libel claim is governed by N.Y. C.P.L.R. § 5002, *Wachs v. Winter*, 569 F. Supp. 1438, 1451 (E.D.N.Y. 1983) (adopting report and recommendation); and, under N.Y. C.P.L.R. § 5002, prejudgment interest is mandatory, *Goodman*, 682 F.2d at 46.

Although it is clear that under New York law prejudgment interest should be awarded, two questions remain: (1) what interest rate should apply; and (2) from what date should interest begin to accrue? Hitrinov and Empire argue that the New York statutory interest rate of nine percent per year should apply, and that interest should accrue from the date that the certificates of default were

---

[6] As discussed, the Court finds no error in Magistrate Judge Reyes's recommendation that default judgment be entered against Kapustin even though no certificate of default had been entered against Kapustin, and the Court will now order entry of default against Kapustin. (*See supra* note 3.) In addition, the Court finds no error in Judge Reyes's implicit recommendation that Kapustin and all of the Global corporations be jointly and severally liable for the default judgment. (*See supra* note 5.) On that issue, the Court independently reviewed Hitrinov's and Empire's arguments (*see* Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134, at 17–18) and finds them to be factually accurate based on the record and legally supported by the cited case law.

entered, entitling them to an additional $1,299,249.21 on the date that they filed their objections to Judge Reyes's Report & Recommendation, and more since. (Objection, *Global Auto*, No. 13-CV-2479, Dkt. 161, at 3.) The Court agrees that the New York statutory interest rate of nine percent per year should apply, but disagrees with the proposition that interest should accrue from the date that the certificates of default were entered.

With respect to the interest rate, the Court notes that a district court has discretion to award New York's statutory rate of nine percent per year or the lower rate calculated under 28 U.S.C. § 1961. *New York City Dist. Council of Carpenters v. Allied Design & Constr.*, LLC, 335 F. Supp. 3d 349, 353–54 (E.D.N.Y. 2018) (affirming over objection a recommendation to award the lower rate calculated under 28 U.S.C. § 1961). In this case, however, given the limited amount of time for which prejudgment interest should be awarded given the cause of action and procedural history—as discussed below—the Court finds that the higher rate of nine percent per year is appropriate.

The date from which prejudgment interest should accrue presents a considerably more complicated question. Under N.Y. C.P.L.R. § 5002, prejudgment interest accrues "from the date the verdict was rendered or the report or decision was made to the date of entry of final judgment." N.Y. C.P.L.R. § 5002. For the proposition that entry of default is a "verdict," "report," or "decision," Hitrinov and Empire rely on *Friedman v. Geico Gen. Ins. Co.*, No. 14-CV-537 (AMD) (MDG), 2017 WL 10109879, at *1 (E.D.N.Y. Jan. 13, 2017). That reliance is misplaced. First, *Friedman* was a report and recommendation that was never adopted because the parties settled. (*See generally*, Docket Sheet, *Friedman*, No. 14-CV-537.) In addition, *Friedman* did not ultimately decide from what date interest should accrue, instead recommending that the parties be given an opportunity to further brief the issue. *Friedman*, 2017 WL 10109879, at *10. To the

7

extent that the magistrate judge recommended that interest should accrue from "entry of default," the magistrate judge was referring to a New York state court entry of default, and relied on the fact that such an entry of default firmly established liability. *Id.* In the federal system, a clerk's entry of default does not establish liability—it serves as a defendant's admission to all well-pleaded allegations, but "[a] district court need not agree that the alleged facts constitute a valid cause of action," *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (internal quotation marks omitted), and the court therefore must "determine whether [the plaintiff's] allegations establish [the defendant's] liability as a matter of law," *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

In the federal default judgment context, few cases have addressed the accrual date issue under N.Y. C.P.L.R. *§ 5002*, which, as noted, provides prejudgment interest only from the date of the verdict, report, or decision "to the date of entry of final judgment." N.Y. C.P.L.R. § 5002. Rather, most of the cases that have dealt with this issue in the context of a federal default judgment have done so under N.Y. C.P.L.R. *§ 5001*, which states that prejudgment interest should accrue "from the earliest ascertainable date the cause of action existed." N.Y. C.P.L.R. § 5001(b). N.Y. C.P.L.R. § 5001, however, is not applicable here, because N.Y. C.P.L.R. § 5001 does not apply to libel claims—the only claims on which Hitrinov and Empire have established liability in this case. *See* N.Y. C.P.L.R. § 5001(a) (limiting actions for which prejudgment interest is recoverable); *see also Wachs*, 569 F. Supp. at 1451 (collecting cases). N.Y. C.P.L.R. § 5001 applies only to certain claims, such as breach of contract and property damage claims. N.Y. C.P.L.R. § 5001(a); *Wachs*, 569 F. Supp. at 1451.

Indeed, Hitrinov and Empire recognize that distinction. In seeking prejudgment interest on their breach of contract claims before Magistrate Judge Reyes, they sought that interest under

8

N.Y. C.P.L.R. § 5001. (Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134, at 9–10.) Now that Judge Reyes has recommended dismissal of their breach of contract claims and recovery only on their libel claims, they properly seek prejudgment interest instead under N.Y. C.P.L.R. § 5002. (Objection, *Global Auto*, No. 13-CV-2479, Dkt. 161, at 2–3.) The distinction is critical, because N.Y. C.P.L.R. § 5002 contemplates a much more limited time period for accrual than under N.Y. C.P.L.R. § 5001—from the date of the verdict, report, or decision, N.Y. C.P.L.R. § 5002, rather than from "from the earliest ascertainable date the cause of action existed," *id.* § 5001(b).

The courts that have considered the appropriate date from which prejudgment interest should accrue in the federal default judgment context under N.Y. C.P.L.R. § 5002 have interpreted N.Y. C.P.L.R. § 5002 strictly to find that interest should accrue only after liability has been established and damages have been calculated. *See, e.g.*, *Wachs*, 569 F. Supp. at 1451 (concluding that a magistrate judge's recommendation did not constitute final "report" or "decision" for purposes of N.Y. C.P.L.R. § 5002); *Sales v. Republic of Uganda*, 828 F. Supp. 1032, 1035 (S.D.N.Y. 1993) (determining magistrate judge's recommendation that interest should be awarded from the date default judgment was entered was "contrary to New York law," and that prejudgment interest should only begin to accrue after both default judgment was entered *and* the report and recommendation was adopted).[7]

---

[7] The Court also notes that, in this case, the certificates of default were entered on October 2, 2015 (Clerk's Entry of Default, *Global Auto*, No. 13-CV-2479, Dkt. 110; Clerk's Entry of Default, *Empire United*, No. 14-CV-2566, Dkt. 16) while the damages that Hitrinov and Empire suffered as a result of Kapustin's and Global's libel were incurred across 2015, 2016, 2017, and 2018 (R&R, *Global Auto*, No. 13-CV-2479, Dkt. 158, at 19–22 & n.17). Accordingly, awarding prejudgment interest from the date of the clerk's entry of default would be more akin to awarding prejudgment interest from the date the cause of action accrued under the more liberal N.Y. C.P.L.R. § 5001, if not even earlier, and the Second Circuit has cautioned that "[w]here prejudgment interest is given, it should be assessed upon damages only as they become due," *Chandler v. Bombardier Capital, Inc.*, 44 F.3d 80, 84 (2d Cir. 1994), and "an award of pre-judgment interest is not appropriate with respect to an award of damages for future losses," *Gordon*

In this case, neither liability nor damages will be finally established until this Court enters this Memorandum & Order adopting Judge Reyes's recommendations as to both the propriety of a default judgment and the amount of damages to be awarded. Accordingly, the Court awards prejudgment interest on the total amount of $2,436,050, to be calculated by the Clerk of Court at a rate of nine percent per year according to N.Y. C.P.L.R. § 5004, from the date that this Memorandum & Order is issued to the date of the final entry of judgment.

In addition to prejudgment interest, the Court also notes that Hitrinov and Empire are entitled to post-judgment interest in this case pursuant to 28 U.S.C. § 1961. Although Hitrinov and Empire have never raised the issue of post-judgment interest, it is mandatory under 28 U.S.C. § 1961, even in diversity cases such as this one. *Cappiello v. ICD Publications, Inc.*, 720 F.3d

---

*v. Matthew Bender & Co.*, 186 F.3d 183, 186 (2d Cir.1999) (*per curiam*) (quoting *Gierlinger v. Gleason*, 160 F.3d 858, 875 (2d Cir. 1998)).

Additionally, prejudgment interest should not result in a windfall, *Jones v. UNUM Life Ins. Co. of Am.*, 223 F.3d 130, 139 (2d Cir. 2000); otherwise, parties might be incentivized to delay litigation, *New York City Dist. Council of Carpenters*, 335 F. Supp. 3d at 354; and a district court has broad discretion to craft prejudgment interest to avoid complicated calculations, *Tusino v. Int'l Bhd. of Teamsters*, 169 F. App'x 39, 44 (2d Cir. 2006) (summary order); *Chandler*, 44 F.3d at 84 (deeming such a method within district court's discretion where lower federal rate of statutory interest was applied). In this case, Hitrinov and Global substantially delayed moving for default judgment. After the certificates of default were issued on October 2, 2015, Hitrinov and Global did not move for default judgment until January 29, 2020. (See Default Mot., *Global Auto*, No. 13-CV-2479, Dkt. 134.) Some of that time was spent appropriately moving the case forward, such as by engaging in additional motion practice and settlement negotiations, but some of it was not. (*See* 01/02/2018 Docket Order, *Global Auto*, No. 13-CV-2479 ("It has been two years since the District Judge dismissed plaintiffs' claims without prejudice and ordered the Clerk to enter default on defendants' counterclaims. No action has occurred since. Defendants are hereby ordered to move for default judgment on their counterclaims no later than 1/19/2018.").) Accordingly, even if interest should accrue from the date of the clerk's entry of default (which the Court finds would be "contrary to New York law," *Sales*, 828 F. Supp. at 1035), the Court would discount a considerable amount for the unexcused delay in moving for default judgment, and award a flat rate from a date after 2018 to avoid the complicated calculations that would be involved in attempting to adjust the amount on which interest should be awarded for every month during 2015–2018 when the damages were mounting.

10

109, 113 (2d Cir. 2013); *see also Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (while "state law governs the award of prejudgment interest" in diversity cases, "postjudgment interest is governed by federal statute" (citing 28 U.S.C. § 1961(a))). Accordingly, Hitrinov and Empire are entitled to post-judgment interest from the time judgment is issued in this case until the judgment is fully satisfied, to be calculated pursuant to 28 U.S.C. § 1961. *See United States v. Kemp*, No. 15-CV-2419 (PKC), 2015 WL 6620624, at *3 (E.D.N.Y. Oct. 30, 2015).

## CONCLUSION

For the reasons explained above, the Court adopts in full Magistrate Judge Reyes's thorough and well-reasoned August 20, 2021 Report & Recommendation, granting in part and denying in part Michael Hitrinov's and Empire United Lines Co.'s January 29, 2020 Motion for Default Judgment. The Clerk of Court is directed to enter a certificate of default against Sergey Kapustin in *Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479. All of Michael Hitrinov's and Empire United Lines Co.'s breach of contract claims, in both *Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479 and *Empire United Lines Co., et al. v. SK Imports, Inc. et al.*, No. 14-CV-2566, are dismissed. On their libel claim, for both cases, Michael Hitrinov and Empire United Lines Co. are granted default judgment and awarded $2,436,050. They are also entitled to prejudgment interest to be calculated by the Clerk of Court pursuant to N.Y. C.P.L.R. § 5004 from the date that this Memorandum & Order is issued until the date that a final judgment is entered, and post-judgment interest to be calculated pursuant to 28 U.S.C. § 1961. Finally, Sergey Kapustin, Global Auto, Inc., G. Auto Sales, Inc., Effect Auto Sales, Inc., and SK Imports, Inc., d/b/a Global Cars, are all jointly and severally liable for the judgment. Because this resolves all of the remaining claims and issues in both *Global Auto, Inc. v. Hitrinov*, No. 13-CV-2479 and *Empire United Lines Co., et al. v. SK Imports, Inc. et al.*, No. 14-CV-2566, the Clerk of Court is directed to enter judgment and close both cases.

11

Michael Hitrinov and Empire United Lines Co. are ordered to serve a copy of this Memorandum & Order on Sergey Kapustin, Global Auto, Inc., G. Auto Sales, Inc., Effect Auto Sales, Inc., and SK Imports, Inc., d/b/a Global Cars, and post proof of service no later than seven (7) days after this Memorandum & Order is issued.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 28, 2022
       Brooklyn, New York